1 | COMPLAINT BY A PRISONER UNDER THE CIVIL RIGHTS ACT, 42 U.S.C §§ 1983

2

3 | Name __Palmer_____ Will____ Moses IIII_____

4 | (Last)        (First)        (Initial)

5 | Prisoner Number __H-08789_____

6 | Institutional Address _3000 W. Cecil Ave. P.O Box 5104_____

7 | Delano, Ca. 93216-5104

8 | ===================================================================

9 | UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

10 | Will Moses Palmer III        **CV) 08**        **1790**

11 | (Enter the full name of plaintiff in this action.)

12 | vs.                          Case No. _____
                                 (To be provided by the clerk of court)

13 | E. SANCHEZ

14 | G.R. SALAZAR                 COMPLAINT UNDER THE
                                 CIVIL RIGHTS ACT,
                                 42 U.S.C §§ 1983

15 |

16 |                             Related Case No. C05-358SI

17 | (Enter the full name of the defendant(s) in this action)

   |                             Jury Trial Requested:

18 | *[All questions on this complaint form must be answered in order for your action to proceed..]*

19 | I.    Exhaustion of Administrative Remedies

20 | [Note: You must exhaust your administrative remedies before your claim can go

21 | forward. The court will dismiss any unexhausted claims.]

22 | .A.    Place of present confinement KERN VALLEY STATE PRISON

23 | B.    Is there a grievance procedure in this institution?

24 |            YES (X)    NO ( )

25 | C.    Did you present the facts in your complaint for review through the grievance

26 |       procedure?

27 |            YES(x)    NO ( )

28 | D.    If your answer is YES, list the appeal number and the date and result of the appeal at

1  each level of review. If you did not pursue a certain level of appeal, explain why.

2  1. Informal appeal __NO NUMBER GIVEN, APPEAL REJECTED__

3  _____

4  _____

5  2. First formal level __SVSP ~~XXXXXXXX~~ 04-04176__

6  __SVSP 04-4632,     SVSP 05-00588__

7  _____

8  3. Second formal level__ SAME AS ABOVE__

9  _____

10  _____

11  4. Third formal level ___ SAME AS ABOVE__

12  _____

13  _____

14  E.  Is the last level to which you appealed the highest level of appeal available to you?

15  YES (x)    NO ( )

16  F.  If you did not present your claim for review through the grievance procedure, explain

17  why.__N/A__

18  _____

19  _____

20  II.  Parties

21  A.  Write your name and your present address. Do the same for additional plaintiffs, if any.

22  __Will M. Palmer  Kern Valley State Prison 3000 W. Cecil Ave.__

23  __Delano, Ca. 93216__

24  _____

25  B.  Write the full name of each defendant, his or her official position, and his or her place of

26  employment.

27  __E. Sanchez, Correctional Officer Investigative Employee__

28  __Salinas Valley State Prison, 31625 HWY 101 Soledad, Ca 93960__

COMPLAINT                    - 2 -

1  G.R Salazar Correctional LT. Disciplinary Hearing Officer, Salinas

2  Valley State Prison, 31625 HWY 101, Soledad, Ca. 93960

3  Both Sued in their Official and Individual Capacity

4  III.    Statement of Claim

5         State here as briefly as possible the facts of your case. Be sure to describe how each

6  defendant is involved and to include dates, when possible. Do not give any legal arguments or cite any

7  cases or statutes. If you have more than one claim, each claim should be set forth in a separate

8  numbered paragraph.

9                          DUE PROCESS VIOLATION

10  1.    On July 16, 2004, Plaintiff was issued a rule violation report

11  115, for allegedly assaulting a Peace Officer.

12  2.    Defendant E. Sanchez was assigned as the Investigative

13  Employee in accordance with CDCR's rule and regulations

14  §3315 and §3318.

15  3.    Plaintiff requested to present witnesses and evidence

16  at the disciplinary hearing.

17  4.    Plaintiff provided defendant E. Sanchez with a list of

18  questions to be posed to specific witnesses, along with

19  a list naming the specific evidence Plaintiff needed to

20  present his defense to the charges at the hearing.

21

22  IV.    Relief

23         Your complaint cannot go forward unless you request specific relief. State briefly exactly what

24  you want the court to do for you. Make no legal arguments; cite no cases or statutes.

25  Compensatory damages in the amount of $150 for each day

26  spent confined in conditions posing an atypical hardship

27

28  RVR expunged from C-file, and points obtained deducted from

classification score, given for the RVR and SHU term.

COMPLAINT                          - 3 -

5. Defendant E. Sanchez accepted Plaintiffs list of questions and evidence that Plaintiff was requesting to be allowed to present at the disciplinary hearing, but did not question any of the witnesses, and failed to collect or attempt to collect any of the Plaintiff had requested to present at the Disciplinary hearing.

6. At the Disciplinary Hearing, Plaintiff informed Defendant G.R. Salazar that defendant E. Sanchez did not obtain the evidence that Plaintiff had specifically requested to be allowed to present as his defense to the allegation against him, to prove the reported incident (i.e head butting a peace officer) never occurred, and that the injuries claimed by the officers did not exist.

7. At the disciplinary hearing, Plaintiff informed defendant G.R. Salazar of the fact that Defendant E. Sanchez did not collect the evidence that Plaintiff had requested as Due Process required.

8. Defendant G.R. Salazar reviewed the I.E. report, and agreed that Defendant E. Sanchez had not conducted his duties as CCR 15, §3315 and §3318 required. For this reason defendant G.R. Salazar postponed the Disciplinary hearing to allow the requested evidence to be collected by the Defendant E. Sanchez.

9. On (          ) defendant G.R. Salazar returned to conduct the RVR 115 Disciplinary hearing. Plaintiff informed Defendant G.R. Salazar that defendant E. Sanchez still had not collected the evidence Plaintiff needed to present his defense, which the Plaintiff had specifically requested.

10. Defendant G.R. Salazar disregarded Plaintiffs Due Process right to have the I.E. prepare the report listing the evidence Plaintiff requested, and Plaintiffs right to have this report 24 hours before the Disciplinary hearing.

3.1

11. Defendant  G.R.  Salazar requested a list of all the witnesses Plaintiff was requesting statements from and the evidence Plaintiff was requesting to be allowed to present at the disciplinary 115 hearing.

12.  Plaintiff  provided  defendant  G.R.  Salazar with a list of the  names  of  all  the witnesses who observed the incident, with the  exception  of  the  Court  Clerk  for Department four of the Monterey  County  Superior  Court,  which  Plaintiff  did not know at the time. Plaintiff also  also informed Defendant G.R. Salazar that the entire incident had been reported by the Court reporter, and  could  serve as evidence proving that Plaintiff was not being disrespectful towards the judge,  and also as evidence proving the officers allegations that the Judge had Ordered them to remove  me from the courtroom were false. Plaintiff also pointed out that the RVR  Incident  report,  reported  that the officers injuries that were  calimed  had  been  photographed,  and that Plaintiff needed those photographs to prove no such injuries existed.

13. Defendant G.R. Salazar  refused to  allow plaintiff to present the  photographs  and  reporter  transcripts  at the Disciplinary hearing.

14.  Defendant  G.R. Salazar refused to allow Plaintiff to present any  of  the  civilian  witnesses  statements  at the Hearing, and also refused to allow Plaintiff  to  question  Officers  Boles and Johnson.

15. Defendant G.R. Salazar conducted the RVR hearing without requiring defendant E. Sanchez to conduct the investigation CCR 15 §3315, and 3318 required.

16. Defendant G.R. Salazar found Plaintiff guilty of the offense of Battery on a peace officer, and recommended that Plaintiff be required to serve an extensive Security Housing Unit term.

17. As a direct result of Defendants acts, violating Plaintiffs civil rights, and state due process rights, Plaintiff was given an 18 month SHU term, and caused to remain in Salinas Valley state prison for 362 days, under conditions that pose an atypical hardship.

18. Plainttiff was not allowed to possess any privileged prope-rty, such as radio, T.V. typewritter, ect., Plaintiff was not permitted allowed to possess his medical appliance cane or whee-lchair in the confinements of his cell. The cells possessed no desks or lockers, and Plaintiff was often caused to go several weeks without any outdoor exercise/fresh air at all.

19. The conditions Plaintiff was caused to suffer from were found to have to have caused Plaintiff to suffer deteriation of his mental health, causing mental health staff to recommend medical drug treatment.

20. The lack of any desk or locker to write and read on, caused Plaintiff to have to sit on the floor, and write on the bunk, while litigating plaintiffs habeas corpus proceedings, and criminal pre-trial motions. This hunched position caused plaintiff to suf-fer intensed back pain, causing prison Doctors to issue a medical chrono, directing the Administrative Segregation Officials to pro-vide Plaintiff with a typewriter to prevent further injury.

3.3

21. Plaintiff was also caused to be placed in Administrative Segregation for a second time, after being released from SVSP's administrative segregation and transferred to Substance Abuse Treatment Facility State Prison Corcoran, as a direct result of defendant G.R. Salazars decision finding Plaintiff guilty of the July 16, 2004 RVR 115 for battery on a peace officer.

22. Officer Johnson, alleged that Plaintiff had assaulted her, and made the request that Plaintiff not be allowed to remain in General Population at SATF State Prison, after reviewing defendant G.R. Salazars finding of guilt of the incident, Plaintiff was again Placed in Administrative Segregation, on December 7, 2005, and was not released from thos conditions, until May 2, 2006, at which time Plaintiff was transferred to his current place of confinement. Causing Plaintiff to suffer an additional 150 days under conditions posing a severe hardship.


DECLARATION

I, Will Moses Palmer III, declare under the penalty of perjury that the foregoing is true and correct.


executed March 21, 2008

Will M. Palmer III,


3.4

I

CAUSE OF ACTION CLAIM

CALIFORNIA CONSTITUTION ART. I. §7(a) DUE PROCESS VIOLATION

Plaintiff refers to and incorporates by reference herein the allegations of paragraphs 1-22, inclusive, as if raiseed herein.

Defendants Sanchez, and Salazar violated Plaintiffs state Due Process right, and caused Plaintiff to be deprived of liberty, property, and state created privileges, without affording Plaintiff the due procedures state statutes required.

This cause of action is brought under the state Tort law act Gov. Code §§ 810, 844, sueing defendants in their individual and official capacities.


II

CAUSE OF ACTION CLAIM

Plaintiff refers to and incorporates by reference herein the allegations of paragraphs 1-22, inclusive as if raised herein.

Defendant Sanchez and Salazar violated Plaintiffs 14th, Amendment right to Due Process, and caused PLAINTIFF TO BE DEPRIVED OF his liberty without due process, and subjected to conditions posing severe hardships, and thereby violated Plaintiffs 8th Amendment right to be free from cruel and unusual punishment. Defendants are sue in their individual and official capacities.


III

REQUEST FOR PENDENT JURISDICTION

DATED: 3/21/2008

Will Palmer H-00799
KVSP P.O. Box 5104
D-8-120
Delano, CA 93216

Kern Valley State Prison
Facility D, building 8

KVSP LEGAL MAIL

NORTHERN DISTRICT OF CALIFORNIA

RECEIVED

APR - 1 2008

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

U.S District Court Clerk T. Sutton
U.S District Court for the Northern District
450 Golden Gate Ave., floor 19 (item #10)
San Francisco, CA. 94102



UNITED STATES POSTAGE
$ 01.14°
MAILED FROM ZIP CODE 93215